UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR JONES, | ) |
| Petitioner, | ) ) |
| v. | ) No. 4:16CV294 RLW |
| STANLEY PAYNE, | ) ) |
| Respondent.[1] | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Arthur Jones's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1) Because this Court has determined that Jones's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which his claims are based, this Court decides this matter without an evidentiary hearing.[2]

## BACKGROUND

Jones is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center pursuant to the judgment and sentence of the Circuit Court of the City of St. Louis, Missouri. A jury found him guilty of second-degree assault on a law enforcement officer and armed criminal action. The circuit court sentenced Jones to concurrent sentences of fifteen years and life, respectively. He appealed the judgment to the Missouri Court of Appeals, which

---

[1] Stanley Payne is now the warden of Eastern Reception Diagnostic and Correctional Center, where Petitioner is housed. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody." Therefore, Stanley Payne's name will be substituted as the named Respondent in this action.

[2] The Eighth Circuit has held that a district court may dismiss a movant's motion without an evidentiary hearing if "(1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (internal quotation marks omitted) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that "[a] petitioner [in a § 2254 case] is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible") (internal quotation marks omitted).

affirmed his judgment and conviction on December 17, 2013 in an unpublished memorandum order. (ECF No. 1-2) Jones then filed a Motion to Vacate, Set Aside, or Correct Judgment or Sentence pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. (ECF No. 1-3) On October 6, 2015, the Missouri Court of Appeals affirmed the judgment of the motion court. (ECF No. 1-4)

On March 2, 2016, Jones filed the instant petition for habeas relief in federal court. Pursuant to the Case Management Order (ECF No. 4), Petitioner had 60 from the date Respondent filed his Response within which to file a reply if he chose. Respondent filed his Response on April 21, 2016, thereby making any reply from Petitioner due on June 20, 2016. On May 23, Petitioner moved for a 30-day extension. (ECF No. 7) The Court granted his motion up to and including July 21, 2016. (ECF No. 8) Petitioner did not file any reply. As the Court indicated in the Case Management Order, the right to file a reply shall be waived if a petitioner fails to timely file such a reply.[3] *See* Rule 5(e) of the Rules Governing § 2254 Cases. Consequently, the Court will rule on the motion without a reply from Petitioner.

## **LEGAL STANDARD**

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[3] Despite not filing a reply, Petitioner did file a request for a copy of the docket sheet on January 14, 2019. (ECF No. 9) The Clerk of Court promptly mailed such a copy to him.

2

determined by the Supreme Court of the United States." *Owens*, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). *See also Gee v. Groose*, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *see also Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006); *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Williams*, 529 U.S. at 411.

To preserve a claim for federal habeas review, a petitioner must present the claim to the state court and allow that court the opportunity to address petitioner's claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* A federal court will consider a defaulted habeas claim "only where the petitioner

3

can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.*

**DISCUSSION**

Jones specifically identifies two grounds for this federal habeas petition, both of which are based on alleged ineffective assistance of counsel: (1) trial counsel was ineffective in failing to object to the "hammer" instruction to the jury (ECF No. 1, at 7); and (2) trial counsel was ineffective in failing to introduce the t-shirt Jones allegedly wore when he was arrested (*Id.* at 8). Jones's petition also asserts a third and fourth ground for relief in which he simply states: "(See attached complaint dated May 26, 2015)." (ECF No. 1-4, at 7; ECF No. 1, at 11) Respondent argues the state appellate court's previous denial of Jones's claims of ineffective assistance of trial counsel is reasonable and entitled to deference under the AEDPA. Further, Respondent contends Jones's third and fourth grounds do not comply with § 2254 Rule 2(c)'s requirements and are non-cognizable claims of ineffective assistance of post-conviction appellate counsel.

**I. Ground One**

In his first claim, Jones argues his trial counsel was ineffective in not objecting to the hammer instruction given to the jury. Had his counsel objected, Jones contends the verdict would have been different.

To support an ineffective assistance of counsel claim, a convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." *Paul v. United States*, 534 F.3d 832, 836 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Malcom v. Houston*, 518 F.3d 624, 626 (8th Cir.

4

2008). A reasonable probability is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but more than a possibility, *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001) (citing *Strickland*, 466 U.S. at 687).

In Jones's trial, the jury received the following so-called "hammer" instruction after they communicated to the trial judge they reached an impasse:

> You should make every reasonable effort to reach a verdict, as it is desirable that there be a verdict in every case. Each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict. Do not be afraid to change your opinion if the discussion persuades you that you should. But a juror should not agree to a verdict that violates the instructions of the Court, nor should a juror agree to a verdict of guilty unless he is convinced of the defendant's guilt beyond a reasonable doubt.

MAI-CR 3d 312.10 (1990). The Notes on Use for this Missouri Approved Instruction provides it "may be given when the Court deems it appropriate and when the length of deliberation or communication from the jury causes the Court to believe that the jury may be deadlocked." MAI-CR 3d 312.10, Notes on Use 2. Further, the Notes on Use allow for the attorneys to make any objections on the record and outside the presence of the jury. *Id.* at Notes on Use 3.

Jones argues his trial counsel was ineffective in not objecting to the trial court's reading of the hammer instruction, and he presented this claim in his Rule 29.15 litigation. The Missouri

5

Court of Appeals explained that Missouri courts consider the following factors when determining if a hammer instruction coerced a jury's verdict:

> 1) the amount of time the jury deliberates before the instruction is given; 2) the duration between the reading of the instruction and the verdict; 3) whether the trial court knows numerically how the jury is split and the position of the majority; and 4) whether the instruction was given in accordance with the Notes on Use.

*Jones v. State of Missouri*, No. ED102497, slip op. at 4 (Mo. Ct. App. Oct. 6, 2015) (unpublished memorandum) (citing *State v. Williams*, 409 S.W.3d 460, 467 (Mo. Ct. App. 2013). The appellate court provided the following analysis:

> After the jury had deliberated for nearly three hours, the jury submitted the following note to the court: "There is a split of guilt between first and second degree. There is indication by both sides of not being willing to change to the other side. What do we do now?" The trial court discussed with counsel how to respond and counsel for both parties agreed to the court providing the hammer instruction. Following the reading of the hammer instruction, the jury resumed deliberating for over an hour until the court received a note inquiring about the difference in the sentencing guidelines between the first and second degree offenses. The court responded to the note and the jury continued its deliberations for about another half-hour when around 5 p.m. the court asked the foreman whether further deliberations would allow the jury to come to a verdict. The foreman responded in the affirmative, and the court sent the jury home for the evening. The next morning, the jury deliberated for nearly two more hours and then returned their verdict.
>
> We find that this record refutes the assertion that the jury was coerced into reaching its verdict. The jury had deliberated for nearly three hours before the hammer instruction was given, and for several hours more thereafter. The jury's notes merely reflect that the jury was split between finding Jones guilty of the first or second degree assault charges. There was nothing from the court's communications with the jury that could be interpreted as coercing or directing the jury to reach a verdict.

*Id.* slip op. at 5-6.[4]

The Supreme Court has recognized that "[a]ny criminal defendant . . . being tried by a jury is entitled to the uncoerced verdict of that body." *Lowenfield v. Phelps*, 484 U.S. 231, 241

---

[4] Jones attached version of the Missouri Court of Appeals unpublished memorandum did not include page 6. (ECF No. 1-4, at 5-6)

(1988). To determine whether a trial court improperly coerced the jury, a court "consider[s] the supplemental charge given by the trial court 'in its context and under all the circumstances.'" *Id.* at 237 (quoting *Jenkins v. United States*, 380 U.S. 445, 446 (1965) (per curiam)). Due to the fact-intensive nature of the inquiry into jury coercion, federal habeas review is particularly deferential to the findings of the state court. *Early v. Packer*, 537 U.S. 3, 11 (2002); *see also Stallings v. Delo*, 117 F.3d 378, 381 (8th Cir. 1997) (stating that a state court's factual finding that jury coercion did not occur is entitled to a presumption of correctness). Here, the Missouri Court of Appeals considered the totality of the circumstances and reasonably concluded that the hammer instruction was proper and not coercive. Consequently, the appellate court's holding that Jones's counsel's failure to object to the instruction is also objectively reasonable. *See Smith v. Bowersox*, No. 4:14CV01922 AGF, 2018 WL 1211171, at *10 (E.D. Mo. Mar. 8, 2018). The Court agrees that Jones fails to demonstrate his trial counsel was ineffective on this ground, and his first claim for federal habeas relief is denied.

## II. Ground Two

In his second claim, Jones argues his trial counsel was ineffective in failing to introduce the t-shirt he was allegedly wearing at the time of his arrest. He maintains the t-shirt had blood stains and introduction of it would have supported his claim that police officers physically assaulted him and thereby coerced his videotaped confession.

Again, Jones presented this claim in his Rule 29.15 litigation. And, again, the Missouri Court of Appeals reasonably concluded he failed to overcome the strong presumption that his counsel's performance was reasonable and effective under *Strickland*. The record showed the t-shirt in question was not inventoried when Jones was arrested. *Jones*, No. ED102497, slip op. at 7. Jones did not identify any witness who could testify about the t-shirt or indicate whether his

7

trial counsel was informed of any potential witness. *Id.* at 7-8. Therefore, it was pure speculation the t-shirt would have even been available to Jones to present as evidence. *Id.* at 7.

The appellate court further concluded the shirt would have been cumulative to other evidence offered at trial:

> It was undisputed that a physical altercation occurred between Jones and the police when he was arrested, and that Jones was injured during that altercation. As to whether there was a second altercation after Jones was already in custody, the jury heard conflicting evidence on this issue. Jones claimed that he gave his videotaped statement admitting the facts of the crimes because the police threatened more physical abuse. The police denied that this occurred. The jury was also shown Jones' booking photograph taken after his videotaped statement and a photograph of Jones at the time of the lineup where he was wearing the allegedly blood-stained shirt. Neither photograph depicted any blood.

*Jones*, No. ED102497, slip op. at 8. The appellate court concluded there was no evidence presented that any alleged blood stain was the result of the alleged second altercation with police. *Id.* Consequently, the t-shirt would have been cumulative to the other evidence presented concerning Jones's allegation he was physically coerced into giving his confession. Because the Supreme Court of Missouri has made clear that "[c]ounsel will not be found ineffective for deciding not to introduce cumulative evidence," *Williams v. State*, 168 S.W.3d 433, 441 (Mo. 2005) (en banc), the appellate court held Jones failed to demonstrate his trial counsel was ineffective.

The Court finds the appellate court's reasoning and conclusions on this point are reasonable and entitled to deference. In addition, the Court agrees with the appellate court that Jones has failed to show the t-shirt would have affected the outcome of the trial due to "the overwhelming evidence in support of Jones' guilt, including the victim identifying Jones as the shooter." *Id.* at 9. Therefore, Jones has failed to show he was prejudiced by his trial counsel's

alleged failure to introduce the t-shirt as evidence. The Court denies his second claim for habeas relief.

### III. Grounds Three and Four

For Jones's third and fourth grounds for relief, his petition states: "(See attached complaint dated May 26, 2015)" (ECF No. 1-4, at 7; ECF No. 1, at 11). The document referenced is titled "Complaint Directed to the Court Concerning Appellate Counsel Amanda Faber (Pursuant to Special Rule (380) (c)." (ECF No. 1-4, at 8-9) In that document, Jones communicated to the Missouri Court of Appeals prior to the case's disposition that he was unhappy with his post-conviction appellate counsel's decision to raise all the claims he asserted in his *pro se* Rule 29.15 motion in his appellant's brief.

Respondent argues Jones's third and fourth grounds for habeas relief appear to be claims of ineffective assistance of post-conviction appellate counsel. Such claims, however, are not cognizable in habeas actions under § 2254. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Coleman v. Thompson*, 501 U.S. 722, 725 (1991) ("Because there is no constitutional right to an attorney in state postconviction proceedings, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.") (citations omitted); *Christenson v. Ault*, 598 F.3d 990, 995-96 (8th Cir. 2010) (quoting *Clay v. Bowersox*, 367 F.3d 993, 1005 (8th Cir. 2004) ("[T]here is no federal constitutional right to the effective assistance of post-conviction counsel."). Additionally, these claims are defaulted because Jones did not raise these claims with the Missouri Court of Appeals. *See Moore-El*, 446 F.3d at 896. Jones has neither demonstrated cause for the default and actual prejudice nor has he established the default will result in a

fundamental miscarriage of justice. Consequently, his third and fourth claims for habeas relief are denied.

Accordingly,

**IT IS HEREBY ORDERED** that Arthur Jones's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Stanely Payne as the proper respondent in this action.

**IT IS FURTHER ORDERED** that Jones has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. A separate judgment in accord with this Memorandum and Order is entered on this same date.

Dated this 7th day of March, 2019.

RONNIE L. WHITE
**UNITED STATES DISTRICT JUDGE**